UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEREMY FOSTER** | : | **DOCKET NO. 2:23-cv-00756** |
| **D.O.C. # 609509** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN KEITH COOLEY** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Jeremy DeWayne Foster, who is proceeding *pro se* in this matter. Foster is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. At the time of filing the instant suit, he was incarcerated at the Allen Correctional Facility in Kinder, Louisiana. He has since been transferred to the David Wade Correctional Center in Homer, Louisiana. This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

I.
BACKGROUND

Foster is currently serving a sentence as a result of his 2015 conviction in Caddo Parish, Louisiana. Doc. 1, p. 1. In his petition, Foster argues that he should be released from incarceration immediately for violations of Constitutional law. *Id.* at pp. 14-15. Specifically, he contends that Warden Keith Cooley of the Allen Correctional Facility is in "violation of the 14th Amendment by restraining petitioner against his substantive rights of liberty, freedom of external restraint by any government." *Id.* at p. 14.

On August 15, 2023, plaintiff was ordered to:

> amend his complaint on the § 2254 form provided by the Clerk of Court, within thirty (30) days of the filing of this Order, if he wishes to challenge his state court conviction. Petitioner must attach proof that he exhausted his constitutional claim through the state courts. Alternatively, Petitioner may withdraw his pending § 2241 petition. If Petitioner does not withdraw the § 2241 petition and does not file a proper § 2254 petition, this Court may (a) construe the § 2241 petition as on filed under § 2254 or (b) dismiss the petition under Rule 41 of the Federal Rules of Civil Procedure for failing to comply with a court order.

Plaintiff failed to comply with the Court's Order.

## II.
## LAW & APPLICATION

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Foster has failed to comply with an Order directing him to amend his complaint. This failure on his part warrants dismissal.

## III.
## CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Foster's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE